# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Douglas Cousino, | Case No. 3:17CV2416 |
| Plaintiff | |
| v. | **ORDER** |
| Laborers' Union of North America, Local 500, | |
| Defendant | |

This is a suit under § 301 of the National Labor Relations Act, 29 U.S.C. § 185. The plaintiff, Douglas Cousino, is a member of the defendant Local 500 (Local 500 or union) of the Laborers' International Union of North America (International). He claims that, despite his ranking eighth on the union's hiring hall referral list, he did not receive job assignments for over a year. This was so, he asserts, even though Local 500 routinely provided work opportunities to persons lower on the list and, indeed, to persons not on the list. (Doc. 8, Page ID #24, ¶ 6).

Pending is the union's motion to dismiss on the basis that the plaintiff failed to exhaust his union remedies before filing this suit. (Doc. 10). The plaintiff opposes the motion, arguing that bias on the part of the union rendered any effort to secure relief within the remedial process futile. (Doc. 11).

On review of the plaintiff's complaint and applicable law, I disagree; accordingly, for the reasons that follow, I grant the defendant's motion to dismiss.

## Background

The gravamen of plaintiff's claim of futility on the basis of union bias is that Local 500, which operates a non-exclusive hiring hall, refused to refer him to jobs. To the extent that plaintiff provides any factual detail, he contends the Local:

> systematically referred other members out who were lower than Plaintiff on the list and some who were not even on the list and in most instances without a letter of request being submitted by a contractor-employer. This was and is an ongoing practice and continues to the present time. Plaintiff states that the Defendant has engaged in many discrete acts of referring other members who were below him on the list and/or who were not on the list within the last six months which continued a pattern of activity since May of 2016. Plaintiff states that he has spoken with the Business Manager of the Defendant (Dave Fleetwood) about this continuing practice to no avail. He has further contacted the International Union Rep of Ohio (Matt Patten) about this continuing practice in July and August of 2017.

(Doc. 8, Page ID #24, ¶ 6).

These events, plaintiff contends, justify his decision to forego his union remedies and to bring this suit directly against Local 500. He seeks injunctive and monetary relief.

Plaintiff acknowledges the existence of internal union remedies, and that the International mandates exhaustion of those remedies before suit may be filed:

> No member shall bring or cause to be brought in any court, whether in law or equity, *any action against a Local Union*, District Council or the International Union or their officers, representatives or employees, *in any matter involving an issue arising out of or related to the member's membership*, which is remediable within the framework of the International Union, Local Union or District Council Constitution without having first exhausted all of the remedies available under the aforesaid Constitutions.

Laborers' Int'l Union of North America Constitution, Art. XVI, § 2, at 44. (Emphasis added) (Doc. 10, Exh. A).[1]

---

[1] I agree with the defendant that it can, as an exhibit to its motion, offer, and I can properly consider the International's Constitution. *Greenberg v. Life Ins. Co.*, 177 F.3d 507, 514 (6th Cir. 1999).

The plaintiff's claim that his decision to bypass internal remedies on the basis of alleged bias locally and at the appellate levels fails for two inter-related reasons: 1) his allegations about local bias lack an adequate factual basis and is purely conclusory; and 2) his assumptions about bias beyond the local level, as to which he provides no factual support, are entirely speculative.

**Discussion**

The *Twombly/Iqbal* doctrine requires that, to avoid dismissal, a complaint must: 1) contain factual allegations, as opposed to legal conclusions, that arise above the merely speculative; and 2) those factual allegations must be sufficiently plausible to infer entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiff's complaint does not meet these requirements.

Plaintiff's claim that bias would have infected any effort to secure relief at any level *via* the process mandated in the International Constitution lacks a factual underpinning. That plaintiff complained unsuccessfully to one local union official to and an International official might – at most – hint at bias against him. But even that inference is unsustainable, as plaintiff fails to recite statements or point to actions by either official that would indicate personal animus.

Here, as in *Aleem v. International Union of AFSCME*, 1994 WL 897987, at *5 (E.D.Mich.1994), the "[p]laintif only makes conclusory allegations of bias against the defendants . . . based on speculation at best." *See also Bee v. Local 719, United Auto Workers*, 744 F. Supp. 835, 838 (N.D. Ill. 1990) (conclusory allegations of union bias will not support the claim that exhausting internal union remedies would be futile).

Other courts have declined to excuse a failure to exhaust even where a plaintiff has pleaded, as plaintiff here has not, some manifestation of official hostility.

In *Gonzalez v. Al & John Inc.*, 2007 WL 1490407, at *2–3 (D.N.J. 2007), for example, allegations that a shop steward threatened to call the police if plaintiff continued to speak to him about non-Union members receiving a bonus, that the Union President did not return a phone message, and that the Union took no action on plaintiff's behalf, did not provide a "clear and positive showing" that exhaustion is, or would have been, futile.

Likewise, in *Fox v. Local Lodge No. 85, Intern. Broth. of Boilermakers*, 2014 WL 825242, at *2–3 (N.D. Ohio 2014) (Helmick, J.), another Judge in this District held that plaintiff's claim that a union's "conspiratorial, continuing, . . . secretive and hostile conduct" in its operation of a job referral system was speculative and did not excuse the failure to exhaust union remedies.

Finally, plaintiff offers but one explanation for failing to consider an appeal, as the International Constitution states he must: namely, that there is nothing that that expressly states that there is an appellate remedy for a hiring hall violation. That may be so, but it does not matter: indeed, it would make no sense to state the menu of remedies where the right to appeal is manifestly open-ended. Aside from that futile complaint, the plaintiff, like the plaintiff in *Douglas v. Am. Info. Techs. Corp.,* 877 F.2d 565, 574 (7th Cir. 1989), offered "no explanation" as to why, "even if [he] did encounter bias at the lower echelons of the grievance process," he would not have "pursued the matter to the higher levels. . . ."

He also fails to allege that either of of the officials to whom he complained could or would have: 1) played a role in either a local-level hearing or in any appeal; o 2) had any ability to influence the outcome at any level of the process. Furthermore, he ignores the guarantee of a neutral hearing set forth in Local 500's Constitution. (Doc. 8, Ex. A, Local 500 Const. Art. XI, § 3, at 106).

4

**Conclusion**

Plaintiff's complaint fails to assert facts sufficient to justify his failure to pursue his internal union remedies. He names two officials to whom he complained, but, aside from their failure to act in response to his complaints, he alleges no indicia of hostility or bias. Simply not doing what a member requests – even where those requests are recurrent – does not yield a plausible inference that bias would have adversely affected the fairness of the union remedial proceedings. More is required, but more is not to be found within the plaintiff's complaint.

It is, therefore,

ORDERED THAT the defendant's motion to dismiss (Doc. 10) be, and the same hereby is, granted with prejudice.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge